## TOME *v.* GERLACH.

*(Supreme Court, General Term, First Department.*   May 13, 1892.)

1. NEGOTIABLE INSTRUMENTS—INDORSEMENT—CONSIDERATION.
     One H. granted a license to use a patent jointly to defendant and one P., each of
     whom executed to him his note for $2,500.   H. insisted that P.'s note should be
     made payable to defendant's order, and indorsed by him, which was done.   De-
     fendant paid his note, but P., in renewal of his, gave two notes, one for $1,300 and
     one for $1,200, payable to defendant's order, and indorsed by him.   When the $1,300
     note became due, P. paid $300 on it, and gave a renewal note for $1,000, which was
     indorsed by defendant, and assigned by H. to plaintiff.   *Held,* in an action by
     plaintiff against defendant on the $1,000 note, that there was a sufficient considera-
     tion for defendant's indorsement.

2. ACTION ON NOTE—BONA FIDE HOLDER—BURDEN OF PROOF.
     In an action against the indorser of a note, where the note is produced by plain-
     tiff, the presumption is that he took the same for value and before maturity.

Appeal from circuit court, New York county.

Action by Jacob Tome against Charles A. Gerlach on a note.   From a
judgment for plaintiff, entered on a verdict directed by the court, and from
an order denying a motion for a new trial, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and ANDREWS, J.

*Hamilton R. Squier,* for appellant.   *F. M. Inglehart, (Henry Major* and
*C. Godfrey Patterson,* of counsel,) for respondent.

ANDREWS, J.   The action was brought to recover upon a promissory note
for $1,000.   The defendants were originally Charles A. Gerlach and Peter
Herdic, but the defendant Herdic has died since the commencement of the
action.   The complaint alleges that the note in suit was made by one Phillips
on April 22, 1882, to the order of the defendant Gerlach, and was indorsed by
said Gerlach to said Herdic, who indorsed the same, and delivered it to the
plaintiff, before it became due, and for full value.   The answer does not deny
any of the allegations of the complaint, but sets up that the defendant Gerlach,
on or about December 20, 1881, held certain property of said Herdic in trust
for sale; that said Gerlach, on or about the same day, sold a portion of said
property to said Phillips, and that Phillips gave his note for $1,250 to the
order of said Gerlach in part payment therefor; that said defendant, without
consideration, indorsed said note merely to transfer title thereto to said
Herdic; that said Phillips, at the maturity of said note, and in or about April,
1882, paid a part thereof, and gave the note in suit to the order of the defend-
ant for the balance; that said defendant, without consideration, indorsed the
said note in suit only to transfer the title to said Herdic, but without any in-
tention on the part of either said Gerlach or said Herdic to incur a liability
on said note as indorser; that said Herdic wrongfully diverted and transferred
said note to the plaintiff; that said plaintiff had notice of the above facts, and
failed to pay full value for said note at the time of its transfer to him; and
that the said plaintiff had received at the time of such transfer ample security

for the money he had advanced for said note, and that he should be compelled to resort to such security, rather than to the defendant, to enforce payment. Upon the trial the defendant Gerlach claimed the affirmative, and, this application having been granted, his counsel called a number of witnesses, who, against the objection of the plaintiff, gave certain testimony. The plaintiff's counsel then called a single witness, who proved the interest upon the note, and then, upon the motion of such counsel, the court directed a verdict in favor of the plaintiff for the amount of the note with interest; and from the judgment entered upon such verdict, and from the order denying a motion for a new trial, this appeal is taken.

We cannot discover that any grounds whatever exist for reversing the judgment or order appealed from. No testimony was given on behalf of the defendant which sustained, or tended in any degree to sustain, either of the defenses set up in the answer. On the contrary, the witnesses called in behalf of the defendant completely disproved the first defense so set up. The testimony given by such witnesses was taken against the plaintiff's objection, and showed the following facts: Herdic was the owner of letters patent for the improvement of certain vehicles for personal transportation, and on September 14, 1881, executed a license, which gave Gerlach the exclusive right, within the city of Buffalo, to run for hire any and all forms of vehicles for the transportation of persons within that city that might be constructed under and in accordance with the specifications contained in such letters patent. The consideration named in such license was $7,500. On December 20, 1881, Herdic executed a joint license to said Gerlach, Phillips, and one Briggs for the price of $7,500, which granted precisely the same rights to said three licensees which had been given to Gerlach by the instrument of September 14, 1881. Gerlach, Phillips, and Briggs each gave notes to Herdic for $2,500. At the time the notes were given something was said about each indorsing the notes of the others, but this was objected to, and was not done. Herdic said he had $7,500 of Gerlach's notes, and had used them in the bank, and he insisted that the notes given by Phillips and Briggs should be made payable to Gerlach's order, and indorsed by him, and this was done. Briggs and Gerlach subsequently paid each his $2,500. Phillips gave two notes, one for $1,300 and one for $1,200, each being made payable to Gerlach's order, and indorsed by him. When the $1,300 note given by Phillips came due he paid $300 upon it, and then a renewal note was given for the balance of $1,000. This renewal note was signed by Phillips, indorsed by Gerlach, delivered to Herdic, and by him transferred to the plaintiff before maturity, and is the note in suit. When Herdic executed the license to Gerlach, Phillips, and Briggs he appears to have entirely ignored the previous license which he had given to Gerlach alone; and, as above stated, there is no testimony that tends to sustain the defense that Gerlach transferred property belonging to Herdic, and indorsed Phillips' note for the mere purpose of transferring the title of it to Herdic. On the contrary, it appears that the license was given by Herdic himself, and at the time of granting such licenses he insisted that the notes given by Phillips and Briggs should be indorsed by Gerlach. Such notes, as between Herdic and Gerlach, were upon sufficient consideration, and Herdic himself could have recovered upon them against Gerlach. Moreover, the note in suit is produced by the plaintiff; and the presumption of law is that the plaintiff took it for value, and before maturity, and there is no evidence to the contrary. Some evidence was given by the defendant's attorney as to an interview between himself and the plaintiff, in which they had some conversation about a note, but that note was not the one in suit. The exceptions as to the exclusion of evidence were not well taken, because such evidence related to personal transactions between the witness and Herdic; and besides, the testimony, if admitted, would not have tended to establish either of the defenses set up in the answer. The judgment and order appealed from should be affirmed, with costs.